1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAW OFFICE OF ROBERT L. TEEL**
ROBERT L. TEEL (SBN 127081)
*lawoffice@rlteel.com*
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
Telephone:(866) 833-5529
Facsimile: (855) 609-6911

***Attorneys for Plaintiff and the Proposed Class***

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

SYLVESTER OWINO and JONATHAN
GOMEZ, on behalf of themselves and all
others similarly situated,

                    Plaintiffs,

        v.

CORECIVIC, INC.,

                    Defendant.

Case No.: 3:17-cv-01112-JLS-NLS

<u>CLASS ACTION</u>

CARLOS GONZALEZ, JUAN JOSE
MERINO-RODAS, MARIBEL
GUTIERREZ-CANCHOLA, GLADYS
CARRERA-DUARTE, and JENNYE
PAGOADA-LOPEZ, individually and on
behalf of all others similarly situated,

                    Plaintiffs,

        v.

CORECIVIC, INC.,

                    Defendant.

Case No.: 3:17-cv-02573-JLS-NLS

<u>CLASS ACTION</u>

**MEMORANDUM OF POINTS
AND AUTHORITIES IN
SUPPORT OF UNOPPOSED
MOTION FOR LIMITED
INTERVENTION**

Date:  March 22, 2018
Time:  1:30 p.m.
Place:  Courtroom 4D
Judge:  Hon. Janis L. Sammartino

Sylvester Owino and Jonathan Gomez (the "Intervenors" or "Owino Plaintiffs"), plaintiffs in the related matter of *Sylvester Owino and Jonathan Gomez v. CoreCivic, Inc.*, Case No. 17-cv-01112-JLS-NLS (the "Owino Action"), respectfully submit this memorandum of points and authorities in support of their motion for limited intervention pursuant to Federal Rules of Civil 24(a)(2) and 24(b)(2)(B) for the limited purpose of opposing Plaintiffs' Motion to Consolidate and Appoint Interim Lead Class Counsel (the "Consolidation Motion") in the case of *Carlos Gonzales, Juan Jose Merino-Rodas, Maribel Gutierrez-Canchola, Gladys Carrero-Duarte, and Jennye Pagoada-Lopes v. CoreCivic, Inc.*, Case No. 17-cv-02573-JLS-NLS (the "Gonzalez Action"). Plaintiffs in the Gonzalez Action are referred to herein as the "Gonzalez Plaintiffs".

# I.   **INTRODUCTION**

The Owino Plaintiffs' motion for limited intervention is based on the importance of presenting the Court with complete and thoroughly briefed arguments regarding the legal and factual issues involved in the Consolidation Motion, and that good cause exists for limited intervention. The Owino Plaintiffs have a direct and tangible interest in this litigation that will necessarily be impaired if the Consolidation Motion is granted. Further, their interests cannot be adequately represented by counsel for either party in the Gonzalez Action.

While the Owino Plaintiffs agree with the goals of convenience, avoiding prejudice, and expediting and economizing the adjudication of both cases, they oppose comprehensive consolidation and an appointment of interim lead counsel under Fed. R. Civ. P. 42 and 23 at this early stage because it is both premature and prejudicial to the Owino Plaintiffs.

Instead, the Owino Plaintiffs believe that there are ample tools in the Federal Rules of Civil Procedure (*e.g.*, Rule 16) and the Local Rules for the Court to

- 1 -

efficiently manage, expedite, and economize the adjudication of both cases without unduly prejudicing any of the parties.

## II. <u>ARGUMENT</u>

At issue in a Rule 24(a)(2) motion for intervention as a matter of right is whether: (a) the intervenor claims an interest relating to the property or transaction that is the subject of the action; and (b) whether disposition of the action may impair or impede his or her ability to protect its interest. Fed. R. Civ. P. 24(a)(2). The rule is that upon timely motion,[1] the court is required to permit anyone who meets the foregoing criteria to intervene "unless existing parties adequately represent that interest." *Id.*; *Citizens for Balanced Use v. Montana Wilderness,* 647 F.3d at 893, 898 (9th Cir. 2011).

The standard in the Ninth Circuit to intervene as a matter of right under Fed. R. Civ. P. 24(a) is a four part test:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. U.S. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993)).

Intervenors meet each of the four prongs of the test, and thus can intervene as a matter of right.

### A. <u>The Motion is Timely</u>

Although the Owino Plaintiffs were never served with the Consolidation Motion, they are prepared to file their opposition to it in a timely fashion under

---

[1] The Owino Plaintiffs were never served with the Consolidation Motion despite the low numbering of the Gonzalez Action to this Court's docket.

Local Rule 7.1(e)(2) just as if they were timely served.  This Motion is limited to intervention in the Gonzalez Action so the Owino Plaintiffs can file their opposition to the Consolidation Motion.  It is neither late nor premature for the limited intervention purposes of opposing the Consolidation Motion.

Indeed, it would be inconvenient and wasteful of judicial resources *not* to allow limited intervention because it would force the Owino Plaintiffs to move the Court to reopen the issue after the hearing on the Consolidation Motion.  The Court recognized this important interest when it stayed the proceedings in the Owino Action.  *See Owino Action*, Dkt. No. 18, at 2:12-16.

The Owino Plaintiffs' interest in participating is clear as the Gonzalez Plaintiffs cannot oppose their own motion on the Owino Plaintiffs' behalf.[2] *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006).  The parties anticipate that CoreCivic will oppose the Consolidation Motion, but given the adversarial nature of litigation, it is impossible for CoreCivic to adequately represent the Owino Interests, no matter what Defendant ultimately decides to do.

**B.  <u>The Owino Plaintiffs Have Protectable Interests in the Gonzalez Action</u>**

The Ninth Circuit grants intervention of right where the litigation will have a direct effect on the applicant's alleged interest.  *Sierra Club v. U.S. EPA*, *supra*, at 1481-82; *Portland Audobon Soc'y v. Hodel*, 866 F.2d 302, 309 (9th Cir. 1989).  The United States Supreme Court has held that an interest under Rule 24(a)(2) means a "significantly protectable interest." *Donaldson v. United States*, 400 U.S. 517, 531 (1971).

The Owino Plaintiffs have numerous significant protectable interests that would be prejudiced and adversely affected by the Consolidation Motion.  This is because they assert interests that are protected by law, and because there is a

---

[2]  The Gonzalez Action specifically excludes the Owino Plaintiffs by name from the representative class in their complaint.  [Gonzalez Action Complaint, Dkt. 1, p. 17 at ¶ 112.]

'relationship' between their legally protected interest and the Gonzalez Plaintiff's claims set forth in the Consolidation Motion.  *California ex rel. Lockyer*, *supra*, at 441 (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)).

A comparison of the Gonzalez and Owino complaints reveals that there is at least a potential for, if not actual, conflict in the theories of law and liability between the two different cases, and this conflict could prejudice one case's plaintiffs to the benefit or detriment of the other if the Consolidation Motion is granted.  The Owino Plaintiffs have a legally protected right to, and interest in, vigorously prosecuting their legally cognizable claims without conflict, compromise, or sacrifice from competing parties and claims.

The Gonzalez Plaintiffs admit there is a relationship between the two cases. As they point out in their Notice of Related Case(s), the gravamen of the Gonzalez Action complaint is not identical to the Owino Action, but does contain "similarities that may warrant transfer to the lower numbered proceeding." [Owino Action, Notice of Related Case(s), Dkt. 31 at p. 2, ln. 9.]  The Consolidation Motion by its very definition necessarily means the Gonzalez Plaintiffs are asserting *some* relationship between the Owino Plaintiffs' legally protected interests and the Gonzalez Plaintiffs' claims, otherwise there would be no reason to for the Court to entertain such a motion.

## C.  The Owino Plaintiffs' Ability to Protect their Interests will be Impaired

If the Owino Plaintiffs are not allowed an opportunity to be heard regarding their interests in the Consolidation Motion, their ability to protect those interests by prosecuting their own case, with their own legal theories, and with their own legal representation, will be significantly and permanently impeded and impaired. While the two cases do have admitted similarities, the Owino Plaintiffs' protectable interests in pursuing their causes of action under differing legal theories, and differing issues of fact and law, between the two cases will be permanently

- 4 -

prejudiced by consolidation and dual representation.[3]

These protectable interests are significant, and go far beyond the minimum Article III interest or a mere "economic interest". *State of Montana v. United States EPA*, 137 F.3d 1135, 1142 (9th Cir. 1998) ("[A] speculative and purely economic interest does not create a protectable interest in litigation."). Allowing the Consolidation Motion to proceed without affording the Owino Plaintiffs an opportunity to be heard "actually will affect" their interests. *California ex rel Lokyer*, *supra*, at 441; *Arakaki v. Cavetano*, 324 F.3d 1078, 1084 (9th Cir. 2003) (quoting *Donnelly*, *supra*, at 410).

### D. The Gonzalez Plaintiffs' Representation is Inadequate

The Ninth Circuit has articulated three factors to examine when deciding whether a party adequately represents the interests of a proposed intervenor:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

---

[3] For example, the Owino Plaintiffs seek to represent a nationwide class in connection with their Federal Trafficking Victims Protection Act claims. The Gonzalez Plaintiffs do not. Many detainees, like Mr. Owino, have been shipped around the country from facility to facility, and this fact alone creates one significant differing issue of law, and numerous differing issues of fact, between the two cases, and creates issues of conflict for consolidation and issues of adequacy for appointment of interim lead counsel, especially at this early and premature stage before discovery is developed. Counsel for the Gonzalez Plaintiffs represent other civil immigration detainees in other cases pursuing similar and different claims against at least one other defendant, and this creates a potential conflict now which could develop into an actual conflict between their other clients on the one hand, and the Owino Plaintiffs and putative class members on the other. For example, Mr. Free, who is an attorney for the Gonzalez Plaintiffs, is also an attorney for a class of detainees who are alleged victims of a Colorado for-profit detention facility's violations of the Federal Trafficking Victims Protection Act in the case of *Menocal v. GEO Group, Inc.*, Case No. 1:14-cv-02887-JLK-MEH (D. Colo.). It is not clear what, if any, impact a May 2, 2018 court-ordered settlement conference (*id.*, Minute Order, Dkt. 121) may have on the putative classes in the instant cases, but there is a potential for conflict in those settlement proceedings (*e.g.*, a party's claims may be released or "settled out").

*Citizens for Balanced Use*, *supra*, at 898 (quoting *Arakaki*, *supra*, at 1086). Furthermore, "[*if*] *an applicant for intervention and an existing party share the same ultimate objective*, a presumption of adequacy of representation arises." *Citizens for Balanced Use*, *supra*, at 898 (emphasis added).

Clearly here the Owino Plaintiffs and the Gonzalez Plaintiffs have differing objectives, and counsel for the Owino Plaintiffs simply cannot comply with their obligations to their clients while making all the Owino Plaintiffs' arguments in opposition to the Consolidation Motion (*i.e.*, the Gonzalez Plaintiffs are neither capable nor can they be willing to make or even offer the arguments in opposition which the Owino Plaintiffs will be making). Not only are the Gonzalez Plaintiffs adversarial as to the Owino Plaintiffs' opposition, they have specifically excluded the Owino Plaintiffs by name from their complaint.

It is not clear what position, if any, Defendant will be taking regarding the Consolidation Motion, but it is impossible as an adversary to the Owino Plaintiffs for them to make or offer all the Intervenors' arguments without compromise. The Owino Plaintiffs' interests in opposing the Consolidation Motion simply cannot be adequately represented by any party other than their independent counsel of choice with respect to any factual and legal issues in connection therewith. Fed. R. Civ. P. 24(a)(2).

The parties clearly do not share the same ultimate objectives in connection with the Consolidation Motion. Accordingly, neither the Gonzalez Plaintiffs nor the defendant enjoy any presumption under the law in the Ninth Circuit that they will adequately represent the Owino Plaintiffs' interests in the Consolidation Motion. *Citizens for Balanced Use*, *supra.* All the requirements for limited intervention as a matter of right have been met.

### E.  **The Owino Plaintiffs Are Also Entitled to Permissive Intervention**

Courts have broad discretion to grant permissive intervention under Fed. R.

- 6 -

Civ. P. 24(b). *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005). Rule 24(b) states in relevant part: "On timely motion, the court may permit anyone to intervene … who has a claim or defense that shares with the main action a common question of law or fact." "[A] court may grant permissive intervention where the applicant shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or question of fact in common." *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1353 (9th Cir. 2013); *United States v. City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002); *Freedom from Religion Found.*, *supra*; *Donnelly supra*, at 412.

Jurisdiction is not an issue here. Timeliness is a threshold determination for both intervention of right and permissive intervention, and for the reasons discussed above, the Owino Plaintiffs motion is timely. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) (the court considers same three timeliness factors for permissive intervention as it does for mandatory intervention). In addition, the factual allegations of this motion share at least one common question of law or fact with the Consolidation Motion. *United States v. Michigan*, *supra*, at 445. The Owino Plaintiffs should be granted permissive intervention under Fed. R. Civ. P. 24(b).

1. *The Owino Plaintiffs Allege a Common Question of Law and Fact*

To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely, and alleges at least one common question of law or fact. If these two requirements are established, the court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed. *Id*.

In deciding a motion for permissive intervention, courts may "consider

- 7 -

almost any factor rationally relevant." *Daggett v. Commission on Governmental Ethics and Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999). ("Among the most important are: (1) whether a named party will adequately represent the intervenor's interests; and (2) whether intervention will either 'delay the lawsuit or prejudice the adjudication of the rights of the original parties.' *N. Am. Specialty Ins. Co. v. Seacoast Crane Co., Inc.*, 226 F.R.D. 27, 30 (D.Me.2005); *In re Thompson*, 965 F.2d 1136, 1142 n.10 (1st Cir.1992).") As set forth above, the Owino Plaintiffs have clearly alleged and shown how their interests cannot be adequately served by the Gonzalez Plaintiffs in the Consolidation Motion.

The Owino Plaintiffs have alleged facts which indicate they have a legally cognizable claim or defense for which there could be a "question of law or fact in common" with the Gonzalez Plaintiffs under Fed. R. Civ. P. 24(b). Indeed, the Gonzalez Plaintiffs claim such a similarity in their Notice of Related Case(s) [Owino Action, Notice of Related Case(s), Dkt. 31 at p. 2, ln. 9.] The very nature of a Consolidation Motion evidences some similarity.

The factual allegations of this motion share a common question of law or fact with Plaintiffs' Consolidation Motion; namely should Rule 42 consolidation and Rule 23 appointment of interim lead counsel be granted under the law and the facts. The Gonzalez Plaintiffs say *yes*; the Owino Plaintiffs say *no*. This is a binary outcome relying on the same issues of law and fact, and as such the Owino Plaintiffs meet the requirements for permissive intervention.

2. <u>Intervention Will Not Complicate, Delay, or Prejudice the Cases</u>

"In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). If the Owino Plaintiffs are allowed to intervene, adjudication of this Consolidation Motion and the respective cases will in no way be unduly complicated, delayed, and prejudiced. The Consolidation Motion will

be timely briefed and heard under Local Rule 7.1(e)(2), just as if the Owino Plaintiffs had been properly and timely served.

Similarly, limited intervention will in no way expand the subject matter of the Consolidation Motion beyond the existing questions of law and fact at issue therein. *Vinson v. Wash. Gas Light Co.*, 321 U.S. 489, 498 (1944) ("[A]n intervenor is not permitted to enlarge those scope of issues or compel an alteration of the nature of the proceeding.")  The Owino Plaintiffs have demonstrated both the need and the right to be heard on the existing Rule 42 and Rule 23 issues of law and fact in the Consolidation Motion.

Neither the parties nor the Court will be burdened by the limited intervention.  It is important to present the Court with complete and thoroughly briefed arguments regarding the legal and factual issues involved in the Consolidation Motion, and good cause exists for limited intervention.  This Court has already acknowledged the benefits of staying the Owino Action pending the Owino Plaintiffs' anticipated Opposition to the Consolidation Motion. *See Owino Action*, Dkt. No. 18, at 2:12-16.  Granting permissive intervention for the limited purpose of opposing the Consolidation Motion will not cause any delay.

Under these circumstances, permitting the Owino Plaintiffs limited intervention will not delay or prejudice the adjudication of the parties' rights in connection with the Consolidation Motion at all.  And, it is necessary so the Owino Plaintiffs may protect their interests regarding the common factual and legal issues.

## III.   <u>CONCLUSION</u>

The motion for limited intervention is unopposed.  The Owino Plaintiffs claim a "significantly protectable" interest relating to the Consolidation Motion (and indeed regarding the Gonzalez Action itself).  If the Owino Plaintiffs are not granted permission for limited intervention, their ability to protect their interests in the Consolidation Motion will be impaired, impeded, and precluded.  There is no

- 9 -

1   possibility that the Intervenors' interests can be adequately represented by any
2   other party to the Consolidation Motion.  The Owino Plaintiffs have carried their
3   burden for intervention as a matter of right, and have moved timely to assert it.

4        The Owino Claimants have a claim or defense that shares at least one
5   common question of law or fact in the Consolidation Motion.   The Owino
6   Plaintiffs have met all the requirements for permissive intervention.  The motion
7   should be granted as both a matter of right and in the exercise of the Court's
8   discretion for permissive intervention.

9   Dated: February 23, 2018        Respectfully submitted,

11          By: s/ Robert L. Teel
            Robert L. Teel
12          **LAW OFFICE OF ROBERT L. TEEL**
            1425 Broadway, Mail Code: 20-6690
13          Seattle, Washington 98122
14          Telephone: (866) 833-5529
15          Facsimile:  (855) 609-6911
16          *Attorney for Intervenors*

- 10 -