UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GONZALEZ, JUAN JOSE MERINO-RODAS, MARIBEL GUTIERREZ-DUARTE, and JENNYE PAGOADA-LOPEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CORECIVIC, INC.,<br><br>Defendant. | Case No.: 17-CV-2573 JLS (NLS)<br><br>**ORDER: (1) GRANTING MOTION FOR LIMITED INTERVENTION; (2) DENYING AS MOOT EX PARTE MOTION TO SHORTEN TIME; (3) VACATING HEARING; AND (4) SETTING BRIEFING SCHEDULE**<br><br>(ECF No. 32) |

    Presently before the Court are Sylvester Owino and Jonathan Gomez's (the "Owino Plaintiffs") Motion for Limited Intervention, (ECF No. 32), and *ex parte* Motion to Shorten Time, (ECF No. 33). The Owino Plaintiffs are not parties to this case; they are plaintiffs in a related matter also before this Court, *see Owino et al. v. CoreCivic, Inc.*, No. 17-CV-1112-JLS-NLS. They seek to intervene in the above-captioned case (the "*Gonzalez* action") for the limited purpose of opposing the Motion to Consolidate, currently pending before the Court, (*see* ECF No. 23). The Owino Plaintiffs' Motion for Limited Intervention is unopposed. Having considered the proposed intervenors' arguments and the law, the Court **GRANTS** the Motion for Limited Intervention, (ECF No. 32), to the extent detailed

herein. The Court **DENIES AS MOOT** the *ex parte* Motion to Shorten Time, (ECF No. 33). On its own motion, the Court **VACATES** the hearing on the Motion for Limited Intervention, (ECF No. 32), presently set for March 22, 2018.

## BACKGROUND

On May 31, 2017, Sylvester Owino and Jonathon Gomez (the "Owino Plaintiffs") filed suit against Defendant CoreCivic, Inc. in *Owino et al. v. CoreCivic, Inc.*, No. 17-CV-1112-JLS-NLS. On August 11, 2017, Defendant CoreCivic filed a motion to dismiss for failure to state a claim. Then, on December 27, 2017, Plaintiffs Carlos Gonzalez et al. (the "Gonzalez Plaintiffs") filed a complaint against CoreCivic, Inc. in the *Gonzalez* action, No. 17-CV-2573-JLS-NLS. On January 22, 2018, the Gonzalez Plaintiffs filed a Motion to Consolidate Cases and Appoint Interim Lead Class Counsel, (ECF No. 23). In light of the Motion to Consolidate and the potential common issues between these two actions, the Court stayed the *Owino et al. v. CoreCivic* case and deferred ruling on Defendant's motion to dismiss. The Owino Plaintiffs now seek to intervene in the *Gonzalez* action for the sole purpose of opposing the pending Motion to Consolidate.

## LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2) permits a party to intervene as a matter of right. The Ninth Circuit has adopted "[a] four-part test . . . to determine whether applications for intervention as a matter of right pursuant to Rule 24(a)(2) should be granted." *Cnty. of Orange v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986).

> An order granting intervention as of right is appropriate if: (1) the applicant's motion is timely; (2) the applicant has asserted an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that without intervention the disposition may, as a practical matter, impair or impede its ability to protect that interest; and (4) the applicant's interest is not adequately represented by the existing parties.

*Id.* (quoting *United States v. Stringfellow*, 783 F.2d 821, 826 (9th Cir. 1986)). "Generally, Rule 24(a)(2) is construed broadly in favor of proposed intervenors and '[courts] are guided primarily by practical considerations.'" *United States ex rel. McGough v. Covington*

*Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992) (quoting *Stringfellow*, 783 F.2d at 826). "The 'liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts.'" *Peruta v. Cnty. of San Diego*, 711 F.3d 570, 577 (9th Cir. 2014) (Thomas, J., dissenting) (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 397–98 (9th Cir. 2002)).

Federal Rule of Civil Procedure 24(b) provides that an application for permissive intervention may be granted if the party seeking to intervene "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "Generally, permissive intervention under Rule 24(b) requires '(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action.'" *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1353 (9th Cir. 2013) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). "Permissive intervention is committed to the broad discretion of the district court." *Air Cal.*, 799 F.2d at 539 (citing *United States v. $129,374 in U.S. Currency*, 769 F.2d 583, 586 (9th Cir. 1985)). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication or the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Additionally, "[t]he district court's discretion . . . under Rule 24(b), to grant or deny an application for permissive intervention includes discretion to limit intervention to particular issues." *Dep't of Fair Emp't & Housing v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011) (quoting *Van Hoomissen v. Xerox Corp.*, 497 F.2d 180, 181 (9th Cir. 1974)).

## ANALYSIS

The Owino Plaintiffs argue that the Court should grant their motion as either an intervention as a matter of right, under Rule 24(a)(2), or permissive intervention, under Rule 24(b). (*See* ECF No. 32-1, at 3–11.) The Court finds that a permissive intervention under Rule 24(b) is appropriate because the Owino Plaintiffs seek to intervene for the limited purpose of opposing the Gonzalez Plaintiffs' Motion to Consolidate. (*See id.* at 2.)

In so doing, the Court does not decide the merits of the Owino Plaintiffs' intervention as a matter of right. The Court interprets the Owino Plaintiffs' motion as limited to opposing the motion to consolidate, rather than intervening in the case as a party. This finding, of course, does not bar the Owino Plaintiffs from moving for such relief in the future.

The Court finds that the Owino Plaintiffs' Motion for Limited Intervention meets Rule 24(b)'s requirements. *See Blum*, 712 F.3d at 1353. The Owino Plaintiffs have an independent ground for jurisdiction as they are properly before the Court in case number 17-CV-1112; their filing is timely because the Motion to Consolidate remains pending; and the Motion to Consolidate implicates common questions of law and fact because all Plaintiffs allege violations of law arising out of Defendant's operation of its Otay Mesa Detention Facility. Most importantly, the Owino Plaintiffs represent in their Motion for Limited Intervention that no party opposes their Motion. (ECF No. 32, at 2.) Accordingly, the Court **GRANTS** the Owino Plaintiffs' Motion to Intervene. However, the Court limits the intervention as follows: the Owino Plaintiffs may oppose, and file briefings as necessary to oppose, the Gonzalez Plaintiffs' Motion to Consolidate, (ECF No. 23). *See Dep't of Fair Emp't & Housing*, 642 F.3d at 741. The Owino Plaintiffs are not, at this time, parties to the *Gonzalez* action, No. 17-CV-2573.

## CONCLUSION

Good cause appearing, the Court **GRANTS** the Motion for Limited Intervention, (ECF No. 32), to the extent detailed above. The Court **DENIES AS MOOT** the *ex parte* Motion to Shorten Time, (ECF No. 33). On its own motion, the Court **VACATES** the hearing on the Motion for Limited Intervention, presently set for March 22, 2018. The Owino Plaintiffs represent that they are prepared to file an Opposition brief to the Motion to Consolidate on or before March 8, 2018. (ECF No. 32, at 2.)

/ / /

/ / /

/ / /

/ / /

Accordingly, the Court sets the following briefing schedule.  The Owino Plaintiffs **SHALL FILE** an Opposition <u>on or before March 8, 2018</u>.  The remaining parties **SHALL FILE** a Reply, if any, <u>on or before March 15, 2018</u>.  If any party or limited intervenor cannot meet the briefing schedule, he or she may move for appropriate relief.

**IT IS SO ORDERED.**

Dated:  March 6, 2018

Hon. Janis L. Sammartino
United States District Judge