STRUCK LOVE BOJANOWSKI & ACEDO, PLC
Daniel P. Struck, AZ Bar #012377
*(admitted pro hac vice)*
Rachel Love, AZ Bar #019881
*(admitted pro hac vice)*
Nicholas D. Acedo, AZ Bar #021644
*(admitted pro hac vice)*
Ashlee B. Fletcher, AZ Bar #028874
*(admitted pro hac vice)*
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Tel.: (480) 420-1600
Fax: (480) 420-1696
dstruck@strucklove.com
rlove@strucklove.com
nacedo@strucklove.com
afletcher@strucklove.com

LAW OFFICE OF ETHAN H. NELSON
Ethan H. Nelson, CA Bar #262448
4 Park Plaza, Suite 1025
Irvine, California 92614
Tel.: (949) 229-0961
Fax: (949) 861-7122
ethannelsonesq@gmail.com

Attorneys for Defendant CoreCivic, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS GONZALEZ, JUAN JOSE MERINO-RODAS, MARIBEL GUTIERREZ-CANCHOLA, GLADYS CARRERA-DUARTE, and JENNYE PAGOADA-LOPEZ, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>CORECIVIC, INC.,<br><br>        Defendant. | Case No. 17-cv-02573-JLS (NLS)<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE**<br><br>Hearing Date: March 22, 2018<br>Hearing Time: 1:30 pm<br>Courtroom: 4D<br>Judge: Honorable Janis L. Sammartino |

# TABLE OF CONTENTS

I. PROCEDURAL BACKGROUND ..........................................................................1

II. THIS COURT SHOULD DISMISS, NOT CONSOLIDATE, THE *GONZALEZ* LAWSUIT ......................................................................7

CONCLUSION .........................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Adams v. California Dep't of Health Servs.*
　487 F.3d 684 (9th Cir. 2007)..................................................................................7-11

*Chen v. The Geo Group, Inc.*
　3:17-cv-0579 (W.D. Wash.)......................................................................................10

*Chowning v. Kohl's Dep't Stores, Inc.*
　CV1508673RGKSPX, 2016 WL 7655752 (C.D. Cal. Mar. 2, 2016) .....................7

*Clardy v. Pinnacle Foods Group, LLC*
　16-CV-04385-JST, 2017 WL 57310 (N.D. Cal. Jan. 5, 2017) ............................7-8

*Clements v. Airport Auth. of Washoe Cty.*
　69 F.3d 321 (9th Cir. 1995)......................................................................................11

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*
　342 U.S. 180 (1952) .............................................................................................9, 11

*Menocal v. The Geo Group, Inc.*
　1:14-cv-02887 (D. Col.)............................................................................................10

*Moreno v. Castlerock Farming & Transp., Inc.*
　CIV-F-12-0556 AWI, 2013 WL 1326496 (E.D. Cal. Mar. 29, 2013).................7-8

*Novoa v. The Geo Group, Inc.*
　5:17-cv-02514-JGB-SHK (C.D. Cal.).....................................................................10

*Owino v. CoreCivic, Inc.*
　17-cv-01112-JLS-NLS ........................................................................................passim

*Plack v. Cypress Semiconductor*
　864 F. Supp. 957 (N.D. Cal. 1994) ...........................................................................9

*Thompson v. Hous. Auth. of City of Los Angeles*
　782 F.2d 829 (9th Cir. 1986).....................................................................................7

*Walton v. Easton Corp.*
　563 F.2d 66 (3d Cir. 1977).........................................................................................7

*Weinstein v. Metlife, Inc.*
　C 06-04444 SI, 2006 WL 3201045 (N.D. Cal. Nov. 6, 2006)................................8

**Statutes**

18 U.S.C. § 1589.............................................................................................................6
Cal. Bus. & Prof. Code § 17200 et seq........................................................................6
Cal. Civ. Code § 52.5.....................................................................................................6
Cal. Labor Code §§ 1194, 1197, 1197.1......................................................................6

**Rules**

Local Rule 40.1(f) ................................................................................................ 1

Defendant CoreCivic, Inc. opposes Plaintiffs' Motion to Consolidate and Appoint Interim Lead Class Counsel. (Dkt. 23.) Because Plaintiffs' lawsuit is duplicative of the lawsuit filed in *Owino v. CoreCivic, Inc.*, 17-cv-01112-JLS-NLS ("*Owino*"), this Court should exercise its discretion and dismiss it outright.

## I. PROCEDURAL BACKGROUND

On May 31, 2017, two former civil immigration detainees, who were detained at the Otay Mesa Detention Center ("OMDC"), filed a class-action lawsuit on behalf of themselves and all others similarly situated in the United States District Court for the Southern District of California. (*Owino* Dkt. 1.) The case was assigned to the Honorable Janis L. Sammartino ("this Court"). On August 11, 2017, the only named Defendant—CoreCivic—filed a Motion to Dismiss all claims. (*Owino* Dkt. 18.) This Court took that Motion under submission on September 7, 2017. (*Owino* Dkt. 25.)

On December 27, 2017, more than three months later, Plaintiffs, two former and two current OMDC civil immigration detainees, filed this class-action lawsuit on behalf of themselves and all others similarly situated in the United States District Court for the Southern District of California ("*Gonzalez*"). (Dkt. 1.) That lawsuit was originally assigned to the Honorable Anthony J. Battaglia, but, on January 2, 2018, Plaintiffs filed a Notice of Related Case, pursuant to Local Rule 40.1(f). (Dkt. 6.) In that Notice, Plaintiffs acknowledged that their lawsuit "share[d] the same defendant" and "substantially similar questions of law" as the lawsuit filed in *Owino*, and that the two actions' "common legal bases, similar legal claims, and identical defendant warrant transfer" to this Court. (Id.) This Court determined that the two lawsuits "ar[o]se from the same or substantially identical transactions, happenings or events" and "involve[d] the same or substantially the same parties" and consented to the transfer. (Dkt. 13.)

An examination of the two Complaints reveal that the allegations and claims in the *Gonzalez* lawsuit are nearly identical to those already in the *Owino* lawsuit:

1

**Same Plaintiff-Classes**. Both lawsuits are filed on behalf of several subclasses, including: (1) OMDC detainees who participated in the OMDC Work Program; and (2) OMDC detainees who were forced to work at OMDC without pay and under threat of solitary confinement or loss of privileges.

| *Gonzalez* Complaint | *Owino* Complaint |
|---|---|
| Work Program Class: "All civil immigration detainees who performed work for CoreCivic at the Otay Mesa Detention Center in the Work Program within the past ten years." [1] (Dkt. 1, ¶ 111a.) | California Labor Law Class: "All civil immigration detainees who performed Dollar-A-Day Work for CoreCivic and were paid one dollar ($1) per day at any Detention Facility located in California owned or operated by it at any time between November 2, 2004 to the applicable op-out date, inclusive." (Dkt. 1, ¶ 30.) |
| Unlawful Inducement Class: "All civil immigration detainees held at the Otay Mesa Facility within the past ten years who performed work for no compensation outside of their pods." (Dkt. 1, ¶ 111b.) – and – Unpaid Cleaner Class: "All civil | California Forced Labor Class: "All civil immigration detainees who performed Forced Labor uncompensated work for CoreCivic at any Detention Facility located in California owned or operated by it at time [sic] during the period from |

---

[1] The *Gonzalez* Plaintiffs allege that CoreCivic pays detainees who participate in the OMDC Work Program "$1 *or* $1.50 per day." (Dkt. 1, ¶ 37, emphasis added.) Although the *Owino* Plaintiffs allege that the Work Program pays only $1 per day (*Owino* Dkt. 1, ¶ 17), the additional allegation in the *Gonzalez* Complaint ("or $1.50 per day") is inconsequential because the claims, like the claims in the *Owino* Complaint, are based on the fact that they did not receive California's minimum wage. (Dkt. 1, ¶¶ 50, 115, 120-128, 132, 139.)

| *Gonzalez* Complaint | *Owino* Complaint |
|---|---|
| immigration detainees held at the Otay Mesa Facility who performed labor within their pods within the past ten years under threat of solitary confinement, and/or in exchange for basic necessities." (Dkt 1, ¶ 111d.) | November 2, 2004 to the applicable opt-out date, inclusive."[2] (Dkt. 1, ¶ 30.) |

**Same Defendant**. Both lawsuits name just one Defendant: CoreCivic. (Compare *Gonzalez* Dkt. 1, ¶ 21; with *Owino* Dkt. 1, ¶ 9.)

**Same Core Allegations**. There are two core allegations in the *Gonzalez* Complaint, which are also the core allegations in the *Owino* Complaint: (1) CoreCivic pays detainees who voluntarily participate in OMDC's Work Program less than minimum wage (compare *Gonzalez* Dkt. 1, ¶¶ 40-47, 127, 132; with *Owino* Dkt. 1, ¶¶ 11, 13-15, 73, 123); and (2) CoreCivic coerces or forces detainees to work under threat of solitary confinement or loss of privileges (compare *Gonzalez* Dkt. 1, ¶¶ 8, 32, 38-39, 147-148, 153-154; with *Owino* Dkt. 1, ¶¶ 13, 16, 42, 47, 57-59.) Plaintiffs admit that "both Actions seek to stop the economic exploitation and abuse of detainees at the Otay Mesa Facility, to recover unpaid wages, and to remedy unjust enrichment resulting from CoreCivic's unlawful failure to pay its detainee workforce legal wages." (Dkt. 23-1 at 5:3-6.)

Plaintiffs also admit that the questions of fact and law that they contend are common to the subclasses are "identical" (Dkt. 23-1 at 5:7-17) to those purportedly common questions alleged by the *Owino* Plaintiffs:

---

[2] Like the *Gonzalez* Complaint, the *Owino* Complaint defines "forced labor" to include work inside *and* outside the pods and "under threat of confinement, physical restraint, substantial and sustained restriction, deprivation, and solitary confinement." (*Owino* Dkt. 1, ¶¶ 13, 16, 46-47.)

Defendant's Opposition to Plaintiffs' Motion to Consolidate     3     17cv002573-JLS-NLS

| *Gonzalez* Complaint | *Owino* Complaint |
|---|---|
| "Whether Plaintiffs and Class Members were entitled to the protections of the California Minimum Wage Act" (Dkt 1, ¶ 114a) | "[Whether Plaintiffs and the Class Members were entitled to the protections of the California labor laws" (Dkt. 1, ¶ 35a) |
| "Whether Plaintiffs and Class Members performed compensable work" (Dkt. 1, ¶ 114b) | "[W]hether Plaintiffs and the Class Members performed compensable work" (Dkt. 1, ¶ 35b) |
| "Whether Plaintiffs and Class Members were paid $1 or $1.50 per day for their Labor" (Dkt. 1, ¶ 114c) | "[W]hether Plaintiffs and the Class Members were paid $1 per day for their Labor" (Dkt. 1, ¶ 35c) |
| "Whether CoreCivic engaged in conduct that violated California law - including the California Minimum Wage Act, the California Unfair Competition Law, and the California Trafficking Victims Protection Act" (Dkt. 1, ¶ 114d) | "[W]hether forcing and coercing Plaintiffs and the Class Members to perform Forced Labor constitutes a violation of each Class Member's … CTVPA, … California labor law[,] and … other statutory and common law rights as set forth herein" (Dkt. 1, ¶ 35d) – and – "[W]hether CoreCivic acted deliberately or negligently by unlawfully, without limitation: i. failing to adequately protect Class Members … CTVPA … and California labor law rights [and] … iii. failing to follow applicable laws" (Dkt. 1, ¶ 35f) |

| *Gonzalez* Complaint | *Owino* Complaint |
|---|---|
| "Whether CoreCivic engaged in conduct that violated the federal Trafficking Victims Protection Act" (Dkt. 1, ¶ 114e) | "[W]hether forcing and coercing Plaintiffs and the Class Members to perform Forced Labor constitutes a violation of each Class Member's TVPA … rights" (Dkt. 1, ¶ 35d) – and – "[W]hether CoreCivic acted deliberately or negligently by unlawfully, without limitation: i. failing to adequately protect Class Members TVPA … rights" (Dkt. 1, ¶ 35f) |
| "Whether Plaintiffs and Class Members are entitled to equitable relief, including injunctive and declaratory relief" (Dkt. 1, ¶ 114f) – and – "Whether Plaintiffs and the Class Members are entitled to damages and other monetary relief and, if so, in what amount" (Dkt. 1, ¶ 114g) | "[W]hether Plaintiffs and Class Members may obtain damages, restitution, disgorgement, declaratory, and prohibitory and mandatory injunctive relief against CoreCivic" (Dkt. 1, ¶ 35g) |

**Same Claims.** Plaintiffs admit that the claims raised in their Complaint are also raised in the *Owino* Complaint. (See *Gonzalez* Dkt. 23-1 at 4:24-5:3 ["Both Actions allege that CoreCivic violates the federal Trafficking Victims Protection Act, California Trafficking Victims Protection Act, California Unfair Competition Law, California Minimum Wage Act, and California common law (unjust enrichment."].) Defendant agrees:

Defendant's Opposition to Plaintiffs' Motion to Consolidate                5                17cv002573-JLS-NLS

|  | *Gonzalez* Complaint | *Owino* Complaint |
|---|---|---|
| Cal. Minimum Wage Law<br>*Cal. Labor Code §§ 1194, 1197, 1197.1* | Count I<br>Dkt. 1, ¶¶ 119-129 | Count IV<br>Dkt. 1, ¶¶ 71-75 |
| Unjust Enrichment<br>*Cal. Common Law* | Count II<br>Dkt. 1, ¶¶ 130-136 | Count XII<br>Dkt. 1, ¶¶ 120-128 |
| Cal. Unfair Competition Law<br>*Cal. Bus. & Prof. Code § 17200 et seq.* | Count III<br>Dkt. 1, ¶¶ 137-142 | Count III<br>Dkt. 1, ¶¶ 63-70 |
| Cal. Trafficking Victims Protection Act<br>*Cal. Civ. Code § 52.5* | Count IV<br>Dkt. 1, ¶¶ 143-150 | Count II<br>Dkt. 1, ¶¶ 52-62 |
| Trafficking Victims Protection Act<br>*18 U.S.C. § 1589* | Count V<br>Dkt. 1, ¶¶ 151-161 | Count I<br>Dkt. 1, ¶¶ 40-51 |

**Same Relief.** The relief sought by the putative class members in the *Gonzalez* lawsuit is the same relief sought by the putative class members in the *Owino* lawsuit:

|  | *Gonzalez* Complaint | *Owino* Complaint |
|---|---|---|
| Unjustly obtained profits | Dkt. 1 at 24d | Dkt. 1 at 36e |
| Compensatory | Dkt. 1, ¶¶ 128, 158 | Dkt. 1, ¶¶ 49, 61 |
| Punitive | Dkt. 1, ¶¶ 144, 158 | Dkt. 1 at 36d |
| Restitution | Dkt. 1, ¶ 159 | Dkt. 1, ¶¶ 70, 127 |
| Declaratory | Dkt. 1 at 24e | Dkt. 1 at 35b |
| Injunctive | Dkt. 1 at 24f | Dkt. 1 at 36c |
| Attorneys' Fees | Dkt. 1 at 24i | Dkt. 1 at 36g |

On January 22, 2018, Plaintiffs filed their request to consolidate this lawsuit with the *Owino* lawsuit and to appoint their counsel as interim lead class counsel (over the *Owino* Plaintiffs' counsel), arguing the "actions involve common questions of law and fact," their counsel have superior knowledge in these types of

class-action lawsuits, and that consolidation "will avoid unnecessary duplication and waste, expedite pre-trial and trial proceedings, and avoid the risk of varying or inconsistent adjudications."[3] (Dkt. 23-1 at 4-5.)

## II. THIS COURT SHOULD DISMISS, NOT CONSOLIDATE, THE *GONZALEZ* LAWSUIT.

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Id.* (quoting *Walton v. Easton Corp.*, 563 F.2d 66, 70-71 (3d Cir. 1977)).

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Id.* "This discretionary rule also applies to class actions." *Clardy v. Pinnacle Foods Group, LLC*, 16-CV-04385-JST, 2017 WL 57310, at *3 (N.D. Cal. Jan. 5, 2017); *Moreno v. Castlerock Farming & Transp., Inc.*, CIV-F-12-0556 AWI, 2013 WL 1326496, at *1 (E.D. Cal. Mar. 29, 2013). "Numerous district courts have exercised their discretion and applied the rule against duplicative actions to dismiss later-filed, identical class actions." *Chowning v. Kohl's Dep't Stores, Inc.*, CV1508673RGKSPX, 2016 WL 7655752, at *2 (C.D. Cal. Mar. 2, 2016).

---

[3] Plaintiffs filed their Motion to Consolidate before Defendant's counsel appeared in this matter. They have never served their Motion on Defendant. Nor did they file their Motion in the *Owino* lawsuit, which would have given Defendant notice.

"[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689. Two causes of action are considered the same if they "share a common transactional nucleus of facts" and rely on substantially the same evidence. *Id*. In addition, "[t]he parties in both cases need not be identical, only substantially similar." *Clardy*, 2017 WL 57310, at *3. When analyzing duplicative class-action suits, "the classes, and not the class representatives, are compared." *Moreno*, 2013 WL 1326496, at *2 (quoting *Weinstein v. Metlife, Inc.*, C 06-04444 SI, 2006 WL 3201045, *4 (N.D. Cal. Nov. 6, 2006)); *see also Clardy*, 2017 WL 57310, at *3. "The key question is whether they cover the same potential class." *Id*.

Here, the parties in both lawsuits, and the causes of action, are the same. The Defendant in both lawsuits is the same—CoreCivic. The putative subclasses in *Gonzalez* "cover the same potential [sub]class[es]" in *Owino*: OMDC detainees that: (1) participated in the Work program for less than minimum wage; and (2) were forced to work without pay and under threat of solitary confinement or loss of privileges.[4] The claims and requests for relief in both lawsuits are identical.

---

[4] Although the *Gonzalez* Complaint seeks to certify an Injured Worker Class—defined as "[a]ll civil immigration detainees held at the Otay Mesa Facility within the past ten years who were injured while performing work through CoreCivic's Work Program and denied access to California's Worker's Compensation benefits," (Dkt. 1, ¶ 111c.)—it does not raise as a distinct claim a violation of California's worker's compensation statutes or request corresponding damages.

Defendant also notes that in *Moreno* the district court stayed the duplicative action instead of dismissing it because there was a question as to whether the subclasses in both lawsuits were substantially the same and that question could not be answered until the class-certification stage. 2013 WL 1326496, at **2-3. But, in *Moreno*, the first lawsuit sought to certify a "radically overbroad class" and if the court certified a narrower class then the second lawsuit could proceed to represent those individuals that were not included in that class. *Id*. at *2. In this case, however, the putative subclasses in both *Gonzalez* and *Owino* are identical.

1  And they share a common transactional nucleus of facts, alleging they were either paid less than minimum wage or forced to work without pay. The evidence to prove or disprove these allegations and claims will be the same in both lawsuits. There is nothing substantially different about them.

"A class action identical in scope to an earlier certified class action is unnecessary because the class members' claims are already being litigated in the earlier action." *Plack v. Cypress Semiconductor,* 864 F. Supp. 957, 959 (N.D. Cal. 1994). Filing a "successive, identical class action qualifies as abusive regardless of whether class certification was granted or denied in an earlier case; both scenarios entail unnecessary duplication." *Id*. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" *Adams*, 487 F.3d at 692-93 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

The nuisance of this second, duplicative action is already apparent. It has brought the *Owino* action to a halt. The mere filing of the *Gonzalez* Complaint forced this Court to stay a ruling on Defendant's Motion to Dismiss (*Owino* Dkt. 33), which has been submitted and pending *for six months*. That is not all. The *Gonzalez* Plaintiffs have stated that, if the two actions are consolidated, they *will* file an amended complaint to force Defendant to file *another* motion to dismiss so that they can brief the issue anew. (See Dkt. 23-1 at 2:5-7 ["If this Motion [to Consolidate] is granted, undersigned counsel will promptly seek leave to file an Amended Class Action Complaint."]; at 6:5-8 ["Consolidation will accordingly permit *Gonzalez* Attorneys to provide the Court with a fuller explanation of the facts and the law at issue in the Motion to Dismiss currently pending in the *Owino* Action."].) The substantial briefing already filed by Defendant and the *Owino* Plaintiffs will have gone to waste and the *Owino* parties will have to spend additional resources to re-brief the issue.

More importantly, resolution of the arguments in the Motion to Dismiss will be further delayed. That is precisely why this Court has discretion to dismiss *with prejudice* a duplicative suit. *See Adams*, 487 F.3d at 693 ("In dismissing the duplicative suit with prejudice, the district court acted to protect the parties from vexatious and expensive litigation and to serve the societal interest in bringing an end to disputes.").

Consolidating the *Gonzalez* lawsuit also changes the dynamics of this litigation significantly. The *Owino* Plaintiffs are currently represented by three attorneys in two law firms. The *Gonzalez* Plaintiffs are represented by eleven attorneys from four law firms/organizations in four different states. And several of those attorneys represent plaintiffs in identical class-action lawsuits against another private prison operator: six attorneys represent the plaintiffs in *Novoa v. The Geo Group, Inc.*, 5:17-cv-02514-JGB-SHK (C.D. Cal.), and one of the attorneys represents the plaintiffs in *Menocal v. The Geo Group, Inc.*, 1:14-cv-02887 (D. Col.), and *Chen v. The Geo Group, Inc.*, 3:17-cv-0579 (W.D. Wash.). (See Dkt. 23-1 at 7:20-9:20; Dkt. 23-2 at 3, ¶ 10; Dkt. 23-3 at 2, ¶ 10.) With so many lawyers involved—some with competing litigation interests and potential conflicts—decisions and agreement will be harder to come by. That will lead to inefficient litigation and frustrate, not promote, judicial economy.[5]

Finally, authorizing this lawsuit by consolidation will just embolden the *Gonzalez* attorneys to file copycat lawsuits against Defendant in other jurisdictions. "A main purpose behind the rule preventing claim splitting is 'to protect the

---

[5] A power struggle is already evident. The *Gonzalez* attorneys have moved not only for consolidation but also request their appointment as interim lead class counsel, despite the fact that the *Owino* lawsuit was filed first. (Dkt. 23-1 at 6:9-9:27.) The *Owino* attorneys have moved to intervene in the *Gonzalez* action to oppose consolidation and appointment of the *Gonzalez* attorneys as interim lead class counsel, asserting these requests are "prejudicial to the *Owino* Plaintiffs." (Dkt. 32-1 at 2:21-25.)

defendant from being harassed by repetitive actions based on the same claim.'" *Clements v. Airport Auth. of Washoe Cty.*, 69 F.3d 321, 328 (9th Cir. 1995). Consolidation will encourage repetitive actions based on the same claims, which will generate additional, duplicative litigation and clog the dockets of courts around the country. This Court should not ratify that course of action. Instead, it should dismiss the *Gonzalez* lawsuit and allow its identical claims to be resolved in *Owino*. It has considerable discretion to do so. *See Adams*, 487 F.3d at 692 (quoting *Kerotest Mfg. Co.*, 342 U.S. at 183-84) ("[W]here one district court had duplicative suits contemporaneously pending on its docket, we conclude, as did the Supreme Court in an analogous situation, that "[n]ecessarily, an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower court.").

## CONCLUSION

For these reasons, the Court should deny Plaintiffs' Motion to Consolidate and dismiss this lawsuit as duplicative of the *Owino* lawsuit. *See Adams*, 487 F.3d at 692 (holding district court did not abuse its discretion in electing to dismiss duplicative second action with prejudice).[6]

---

[6] Because Plaintiffs filed their Motion to Consolidate before Defendant's deadline to answer their Complaint, this Response also became due before the answer deadline. In asserting an *Adams* request for dismissal in response to Plaintiffs' request for consolidation, Defendant does not intend to waive any defenses they would otherwise be able to raise in a Rule 12 motion to dismiss, for example, the arguments raised in the Motion to Dismiss filed in the *Owino* action. If this lawsuit is allowed to proceed, Defendant will file a timely motion to dismiss asserting all applicable defenses.

Dated: March 8, 2018

By s/ Nicholas D. Acedo
Daniel P. Struck
*(admitted pro hac vice)*
dstruck@strucklove.com
Rachel Love
*(admitted pro hac vice)*
rlove@strucklove.com
Nicholas D. Acedo
*(admitted pro hac vice)*
nacedo@strucklove.com
Ashlee B. Hesman
*(admitted pro hac vice)*
ahesman@strucklove.com
STRUCK LOVE BOJANOWSKI & ACEDO, PLC

Ethan H. Nelson
LAW OFFICE OF ETHAN H. NELSON
ethannelsonesq@gmail.com

Attorneys for Defendant CoreCivic, Inc.

3419234.1