UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GONZALEZ, JUAN JOSE MERINO-RODAS, MARIBEL GUTIERREZ-DUARTE, and JENNYE PAGOADA-LOPEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CORECIVIC, INC.,<br><br>Defendant. | Case No.: 17-CV-2573 JLS (NLS)<br><br>**ORDER: (1) DENYING MOTION TO CONSOLIDATE; AND (2) STAYING CASE**<br><br>(ECF No. 23) |

Presently before the Court is Plaintiffs Carlos Gonzalez, Juan Jose Merino-Rodas, Maribel Gutierrez-Canchola, Gladys Carrera-Duarte, and Jennye Pagoada-Lopez's ("Gonzalez Plaintiffs") Motion to Consolidate, ("MTN," ECF No. 23). The Court permitted the plaintiffs ("Owino Plaintiffs") in a related matter, *Owino v. CoreCivic*, 17-CV-1112, to intervene for the limited purpose of filing an opposition to this Motion, (ECF No. 36). Accordingly, Owino Plaintiffs filed a Response in Opposition, ("Owino Opp'n," ECF No. 37), as did Defendant CoreCivic, Inc., ("Def. Opp'n," ECF No. 38), to the Gonzalez Plaintiffs' Motion. The Gonzalez Plaintiffs filed a Reply in Support of, ("Reply," ECF No. 41), their Motion. The Court vacated the hearing and took the matter under

submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 42.) Having considered the Parties' arguments and the law, the Court rules as follows.

## BACKGROUND

This case involves two related class actions. On May 31, 2017, Owino Plaintiffs filed a putative class action against Defendant in this Court. ("Owino Compl.," ECF No. 1, Case No. 17-CV-1112.) The Owino Plaintiffs are former civil immigration detainees and allege they were paid $1 a day for labor while they were interred at Defendant's Otay Mesa Detention Facility. (*Id.* ¶ 10.) They also allege that other detainees were forced to work for no pay. (*Id.* ¶ 13.) Owino Plaintiffs seek to certify a class of "all civil immigration detainees who performed Forced Labor uncompensated work for CoreCivic at any Detention Facility owned or operated by it between November 2, 2004 to the applicable opt-out date, inclusive." (*Id.* ¶ 30.)

On December 27, 2017, Gonzalez Plaintiffs filed a second putative class action lawsuit against Defendant in the Southern District. ("Gonzalez Compl.," ECF No. 1.) The case was transferred from Judge Anthony J. Battaglia's calendar to this Court pursuant to Civil Local Rule 40.1. The Gonzalez Plaintiffs, like Owino Plaintiffs, are former civil immigration detainees housed at Defendant's Otay Mesa facility. They allege that they received $1 or $1.50 a day for their labor at the detention facility. The Gonzales Plaintiffs seek to certify classes, including "[a]ll civil immigration detainees who performed work for CoreCivic at the Otay Mesa Detention Center in the Work Program within the past ten years." (*Id.* ¶ 111.) Gonzalez Plaintiffs now seek to consolidate the two class actions.

## LEGAL STANDARD

Consolidation of actions is appropriate "[i]f actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). A district court has broad discretion in determining whether to consolidate actions pending in the same district. *See Investors Research Co. v. U.S. Dist. Court for Cent. Dist. Of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989) (citing 9 Charles A. Wright et al., *Federal Practice and Procedure* § 2383 (1971); and *A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928 (4th

Cir. 1977)). "In determining whether to consolidate cases, a court should also weigh any time and effort saved by consolidation against any 'inconvenience, delay, or expense that [consolidation] would cause.'" *Fialkov v. Celladon Corp.*, No. 15CV1458 AJB (DHB), 2015 WL 11658717, at *2 (S.D. Cal. Dec. 9, 2015) (alteration in original) (citing *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)).

## ANALYSIS

All parties across both actions agree that the *Owino* and *Gonzalez* actions involve related facts and claims. The parties diverge, however, on what steps the Court should take to manage its docket and proceed forward with this case and the *Owino* case. Gonzalez Plaintiffs argue that their action involves common questions of law and fact such that consolidation of their action with the *Owino* action would be appropriate. (*See* MTN 4.)[1] Both Owino Plaintiffs and Defendant argue that the Court should exercise its discretion to dismiss, rather than consolidate, the *Gonzalez* action because the *Gonzalez* action is duplicative of the *Owino* action. (Def Opp'n 11; Owino Opp'n 7.) In response, Gonzalez Plaintiffs argue that dismissal of their action would be inappropriate because the two actions are not duplicative. (Reply 6.) The Court proceeds as follows. First, the Court determines whether the *Gonzalez* action is duplicative of the *Owino* action. Second, the Court determines which procedural action best serves the interests of judicial economy and preserves the rights of all parties going forward.

### I. Whether the *Gonzalez* Action is Duplicative

As a threshold matter, the Court clarifies which rules or standards it applies in the analysis here. There are three similar rules the Court could apply to the issue before the Court. The Gonzalez Plaintiffs urge the Court apply Federal Rule of Civil Procedure 42, which permits the Court to consolidate actions involving "common question of law or fact." The Owino Plaintiffs would have the Court adopt a "first-to-file" rule, which applies when two similar actions are filed in different federal courts. Defendant submits the rule

---

[1] Pin citations refer to the page numbers electronically stamped on the EM/CMF filings.

against claim splitting applies, which courts invoke when a plaintiff files two actions against the same defendant based on the same facts. District courts in this circuit have analyzed duplicative class actions under both the first-to-file rule, *see Weinstein v. Metlife, Inc.*, No. C 06-4444 SI, 2006 WL 3201045, at *4 (N.D. Cal. Nov. 6, 2006), and the claim-splitting rule, *see Chowning v. Kohl's Dep't Stores, Inc.*, No. CV 15-8673 RGK (SPx), 2016 WL 7655752, at *2 (C.D. Cal. Mar. 2, 2016). The Court applies the claim-splitting rule because the first-to-file rule applies to cases between different districts. *See Moore v. Roadway Express, Inc.*, No. CV 09-1588, 2009 WL 10670954, at *4 (C.D. Cal. Oct. 7, 2009).

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (alteration in original) (quoting *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam); and citing *Link v. Wabash R.R.*, 370 U.S. 626, 629–30 (1962)), *abrogated in part by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Id.* (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

To determine whether a suit is duplicative, courts apply the test for claim preclusion. *See The Haytian Republic*, 154 U.S. 118, 124 (1894). This is a two-part standard. Thus, a court must first determine whether the causes of action and relief sought in the two suits are identical. *Adams*, 487 F.3d at 689. Then a court determines whether the parties, or their privies, are the same. *Id.*

### A. *Same Causes of Action*

To determine whether two causes of action are similar, courts apply a transactional test. *Id.* "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Id.* (quoting *W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992); and citing

Restatement (Second) of Judgments § 24(1) (1982)). Courts examine four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id.* (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982)). "The last of these criteria is the most important." *Constantini*, 681 F.2d at 1202.

Gonzalez Plaintiffs argue that while the two actions involve substantially similar questions of fact and law such that consolidation is appropriate the claims are not identical. (Reply 7.) According to Gonzalez Plaintiffs, their Complaint brings five causes of action compared to the twelve "scattershot" causes of action brought by Owino Plaintiffs. (*Id.*) Gonzalez Plaintiffs also point to at least two factual differences: they allege that some members of the putative class were paid more than $1 a day and they allege that Defendant obtains labor through unlawful means. (*Id.*)

Both Owino Plaintiffs and Defendant explain, in detail, the commonality between the two suits. For example, both the Gonzalez and Owino Plaintiffs allege that Defendant pays civil detainees who voluntarily participate in work programs less than the minimum wage, (Def. Opp'n 7 (comparing Gonzalez Compl. ¶¶ 40–47, 127, 132 with Owino Compl. ¶¶ 11, 13–15, 73, 123)), and that Defendant coerces or forces detainees to work under threat of solitary confinement or loss of privileges, (*id.* (comparing Gonzalez Compl. ¶¶ 8, 32, 38–39, 147–48, 153–54 with Owino Compl. ¶¶ 13, 16, 42, 47, 57–59)). Both Owino Plaintiffs and Defendant point to Gonzalez Plaintiffs' own Motion to Consolidate where Gonzalez Plaintiffs argue "both Actions seek to stop the economic exploitation and abuse of detainees at the Otay Mesa Facility, to recover unpaid wages, and to remedy unjust enrichment resulting from CoreCivic's unlawful failure to pay its detainee workforce legal wages." (*Id.* (quoting MTN 5); *see* Owino Opp'n 10–11.) Finally, both cases bring causes of action sounding in violation of the same laws and both cases ask for similar relief. (Def.

Opp'n 9–10.)

The Court agrees with Owino Plaintiffs and Defendant. Both cases arise from the same transactional nucleus of fact. Both cases argue that Defendant is not following California minimum wage laws and both cases argue that Defendant coerces its detainees to participate in a work program at its Otay Mesa detention facility. Both cases bring similar causes of action and request similar relief. Indeed, the entire bases for Gonzalez Plaintiffs' Motion of Consolidation are the common questions of law and fact. The test is not, as Gonzalez Plaintiffs suggest, whether the two cases are exactly identical. The test is transactional. Here, it is clearly met—the facts are duplicative.

### B. Same Parties

At this point, the Court's analysis must diverge from *Adams*. The *Adams* court asked whether a party in an earlier-filed action could be said to have "virtually represented" a party in a later-filed action. 487 F.3d at 691. The Supreme Court has since made clear that "virtual representation" is not consonant with the claim preclusion test. *See Taylor*, 553 U.S. at 901. Gonzalez Plaintiffs direct the Court to the Supreme Court's decision in *Smith v. Bayer Corp.*, 564 U.S. 299 (2011), which concerned the preclusive effect of an earlier-filed class action on a later filed class action. The Supreme Court explained that for claim preclusion to apply the later filed suit must have presented the same issues as the prior case and the later filed plaintiff must have been a party to the earlier-filed suit or else fall within one of a few discrete exceptions to the general rule against binding nonparties. *See id.* at 307–08. The Supreme Court held that "[n]either a proposed class action nor a rejected class action may bind nonparties." *Id.* at 315.

Here, the Owino Plaintiffs have not been certified as a class under Federal Rule of Civil Procedure 23. Instead, *Owino* is a proposed class action. The Court agrees with Gonzalez Plaintiffs that the *Owino* action cannot bind nonparties, like Gonzalez Plaintiffs. *See Bayer*, 553 U.S. at 315. Because the Owino action does not have preclusive effect against the Gonzalez Plaintiffs, the claim-splitting rule must also fail. *See Chowning*, 2016 WL 7655752, at *3 (applying *Bayer* to find earlier-filed class action that was rejected in

6

part was not binding on later-filed class action and declining to dismiss later-filed action). The Court finds that dismissing the *Gonzalez* action is not appropriate at this time, given the early stage of the *Owino* action and that its class has not been certified.

## II. Consolidation vs. Stay

While the claim-splitting rule is not appropriate at this time, such a finding does not resolve the issue before the Court: how to proceed with two nearly identical putative class actions. The district court in *Moreno v. Castlerock Farming & Transport*, No. CIV-F-12-0556 AWI JLT, 2013 WL 1326496 (E.D. Cal. Mar. 29, 2013), encountered a similar issue. There, two putative class actions were pending before the same court; neither class action had been certified. *Id.* at *1. The district court reasoned that the scope of the putative class in the earlier-filed action would depend greatly on an order granting or denying class certification. *Id.* at *2. Further, the later-filed class would depend on the scope of the earlier-filed class. The court stated:

> If the class in [the earlier-filed action] is certified as narrow, then the [later-filed] Plaintiffs can move forward to represent all other workers at [the defendant's] facilities. Indeed, all pre-class certification discovery received by [earlier-filed plaintiff] could be directly given to the [later-filed] Plaintiffs to save time and effort in that circumstance. If the class certified in [the earlier-filed action] is wide, then [the later-filed action] would probably be considered duplicative and subject to dismissal. If class certification is denied for some other reason not having to do with [the earlier-filed plaintiff's] status, then [the later-filed action] may or may not be able to proceed depending upon the specific circumstance.

*Id.* (citing *Bayer*, 564 U.S. at 314).

The *Moreno* court's reasoning and conclusion are persuasive. Here, the Owino Plaintiffs seek to certify sub-classes potentially broader in scope than the Gonzalez Plaintiffs. For example, both lawsuits endeavor to certify a civil detainee sub-class who performed work for less than California's minimum wage. The Gonzalez Plaintiffs' putative minimum wage sub-class is limited to all detainees who performed work for

7

Defendant at the Otay Mesa Detention Center within the past ten years. (Gonzalez Compl. ¶ 111a.) The Owino Plaintiffs' putative minimum wage sub-class covers all detainees at any facility located in California owned or operated by Defendant between November 2, 2004 and the applicable opt-out date. (Owino Compl. ¶ 30.) The remaining sub-classes follow similar limitations: the Gonzalez Plaintiffs limit the classes to only the Otay Mesa facility for the past ten years; the Owino Plaintiffs limit the classes to any Defendant-owned facility in California since 2004. (*Compare* Gonzalez Compl. ¶ 111 *with* Owino Compl. ¶ 30.)

Thus, the Owino Plaintiffs could potentially certify a broad class that subsumes the Gonzalez Plaintiffs' class. Or, the Owino Plaintiffs could certify a narrower class that does not include the putative Gonzalez class. At the pre-certification stage, the Court cannot determine the size or composition of a class in either case. Like *Moreno*, a stay appears to be the equitable solution. *See also Clardy v. Pinnacle Foods Grp., LLC*, No. 16-cv-4385-JST, 2017 WL 57310 (N.D. Cal. Jan. 5, 2017) (staying later-filed class action).

The other course of action is to consolidate the cases. Certainly, the Gonzalez Plaintiffs strongly advocate for this outcome. Yet, both Owino Plaintiffs and Defendant object to consolidation. Gonzalez Plaintiffs warns that "it would be an abuse of discretion to appoint an attorney as class counsel solely because he may have won the race to the courthouse." (Reply 6 (quoting *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1048 (9th Cir. 2015)).) Indeed, Federal Rule of Civil Procedure 23(g) lays out objective standards to determine appointment of lead class counsel. Appointment of interim class counsel, however, is not the issue presently before the Court. The issue here is whether to consolidate or whether to stay—not appointment of interim class counsel.

Courts have the power to stay proceedings *sua sponte*. *Ali v Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017); *Fed. Home Loan Mortg. Corp. v. Karma*, No. 14-00137 ACK-KSC, 2016 WL 922780, at *8–9 (D. Haw. Mar. 9, 2016). The issues involved in the pending proceedings need not be "controlling of the action before the court" for the court to issue a stay. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

Indeed, for a court to issue a stay, the parties in the two cases need not be the same and the issues need not be identical. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

In determining whether to grant a motion to stay, "the competing interests [that] will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Those interests include: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

Here, the Court again finds the *Moreno* court's reasoning persuasive as to the first and second factors. If the class in *Owino* is certified as narrow then the Gonzalez Plaintiffs can move forward to represent all other detainees at Defendant's facilities. All pre-class certification discovery received by Owino Plaintiffs could, in theory, be given to Gonzalez Plaintiffs to save time and effort. If the class certified in *Owino* is wide, then *Gonzalez* would probably be considered duplicative and subject to dismissal. If class certification is denied for a reason beyond Owino Plaintiffs' status then Gonzalez Plaintiffs may or may not be able to proceed. *See Moreno*, 2013 WL 1326496, at *2. The Court recognizes there is some possibility of damage to the Gonzalez Plaintiffs—if the Owino Plaintiffs certify a narrow class or their claim is dismissed then the Gonzalez Plaintiffs suffer from the delay in litigating. However, the potential damage to the Gonzalez Plaintiffs is mitigated, in part, because the Court will only stay their proceedings until resolution of the Owino Plaintiffs' class certification.[2] As to the second factor, the Court finds the hardship on all parties to be significant if parallel litigation is allowed to proceed on the same issues and the same Defendant. On the other hand, the hardship on the Gonzalez Plaintiffs' is measured in the

---

[2] This assumes that the Owino Plaintiffs reach the class certification stage. If Defendant prevails on its motion to dismiss or some other unforeseen event occurs then the Gonzalez Plaintiffs may request appropriate relief from the stay.

9

17-CV-2573 JLS (NLS)

potential delay in resolving their rights. As to the third factor, all parties agree that the Court should simplify the issues by eliminating the parallel proceedings, either by consolidation or by stay or dismissal. In sum, the Court finds that the Gonzalez Plaintiffs' interest is outweighed by the potential claim-splitting concerns as well as judicial economy.

The Court is under no illusion as to the stakes of this Motion. Gonzalez Plaintiffs filed a nearly identical cause of action as the Owino Plaintiffs, seek to consolidate the cases, and wrest control of interim class counsel from the Owino Plaintiffs. Owino Plaintiffs and Defendant seek to dismiss the later-filed action as duplicative to send a strong message against copy-cat filings. The truth lies somewhere in between. Thus, the Court exercises its discretion to chart a course between the two positions. The Court will stay this case pending the outcome of Owino Plaintiffs' future class certification. At such a time, the Gonzalez Plaintiffs may request appropriate relief from the stay.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Gonzalez Plaintiffs' Motion to Consolidate, (ECF No. 23). On its own motion, the Court **STAYS** the present case until it rules on class certification (or other dispositive motions, such as a motion to dismiss with prejudice) in *Owino*.

**IT IS SO ORDERED.**

Dated: April 4, 2018

Hon. Janis L. Sammartino
United States District Judge

10
17-CV-2573 JLS (NLS)