UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GONZALEZ, JUAN JOSE MERINO-RODAS, MARIBEL GUTIERREZ-DUARTE, and JENNYE PAGOADA-LOPEZ, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CORECIVIC, INC., <br><br> Defendant. | Case No.: 17-CV-2573 JLS (NLS) <br><br> **ORDER GRANTING MOTION TO WITHDRAW** <br><br> (ECF No. 47) |

Presently before the Court is Plaintiffs' Motion to Withdraw Vanessa Shakib as Counsel. ("MTN," ECF No. 47.) After considering Plaintiffs' arguments and the law, the Court **GRANTS** the Motion to Withdraw as Counsel.

"An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Beard v. Shuttermart of Cal., Inc.*, No. 07CV594WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (alterations, citations, and internal quotation marks omitted); *see also* Civ. L.R. 83.3(g)(3). "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal

may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010) (citing *Beard*, 2008 WL 410694, at *2).

Pursuant to Civil Local Rule 83.4(b), each attorney "permitted to practice in this court shall be familiar with and comply with the standards of professional conduct required of members of the State Bar of California." Civ. L.R. 83.4(b). In relevant part, California Rule of Professional Conduct 3-700 provides:

(A) In General.

    (1) If permission for termination of employment is required by the rules of a tribunal, a member shall not withdraw from employment in a proceeding before that tribunal without its permission.

    (2) A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D) [concerning the return of client papers and property and the refund of any advance fees not earned], and complying with applicable laws and rules.

(C) Permissive Withdrawal.
    [A] member may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because:

    . . .

    (5) The client knowingly and freely assents to termination of the employment; or

    (6) The member believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

Pursuant to the Southern District of California's Civil Local Rules, "[a] notice of motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client." Civ. L.R. 83.3(f)(3)(a).

Plaintiffs state that Ms. Shakib has left the law firm representing Plaintiffs and they

will continue to be represented by Ahdoot & Wolfson, PC. (MTN 2.) The Court finds that withdrawal will not prejudice the parties, Plaintiffs retain counsel, and withdrawal will not delay the case. Good cause appearing, the Court **GRANTS** Plaintiffs' Motion to Withdraw as Counsel, (ECF No. 47). The Clerk of Court **SHALL** update the docket to reflect the withdrawal of Ms. Shakib as counsel for Plaintiffs in this case.

**IT IS SO ORDERED.**

Dated: August 20, 2018

Hon. Janis L. Sammartino
United States District Judge