UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GONZALEZ, JUAN JOSE MERINO-RODAS, MARIBEL GUTIERREZ-CANCHOLA, GLADYS CARRERA-DUARTE, and JENNYE PAGOADA-LOPEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CORECIVIC, INC.,<br><br>Defendant. | Case No.: 17-CV-2573 JLS (SBC)<br><br>**ORDER CONTINUING STAY**<br><br>(ECF. No. 51) |

Presently before the Court is the Parties' Joint Status Report ("JSR," ECF No. 51). For the reasons stated below, the Court **CONTINUES ITS STAY** of the instant action.

## BACKGROUND

This case involves allegations that Defendant CoreCivic, Inc. undercompensated some civil immigration detainees and forced others to work while detained. *See* ECF No. 44 (the "Order") at 5. The Court previously stayed this action pending the resolution of class certification in a related case, *Owino v. CoreCivic, Inc.*, 17-CV-1112. Order at 9–10. After the Court certified the *Owino* class, the Court asked the Parties to file a joint status report outlining their anticipated next steps in this litigation. *See* ECF No. 50.

In the JSR, Plaintiffs indicate that they "understand that they are members in the *Owino* [c]lass." JSR at 2. The Parties therefore "intend to wait for the *Owino* [a]ction to proceed to its completion" to take further action, reasoning that litigating this case alongside *Owino* risks the "waste of judicial resources and/or prejudice [to either] party's position." *See id.* Thus, the Court must determine whether to continue its previous stay.

## LEGAL STANDARD

The Court may stay an action pending resolution of independent proceedings where "it is efficient for its own docket and the fairest course for the parties." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). When determining whether a stay is appropriate, the Court must consider (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

## ANALYSIS

In the instant action, the above factors weigh in favor of a continued stay. First, because Plaintiffs assert that they can obtain relief as members of the *Owino* class, staying this case will not delay any potential recovery by Plaintiffs. *See* JSR at 2. Maintaining the stay will not damage Defendant for a similar reason; if Plaintiffs indeed obtain relief through the *Owino* action, that relief "would satisfy the claims in this action." *See id.*

Moreover, because this action and the *Owino* action involve the same or intertwined facts, witnesses, and legal claims, proceeding with this case would result in duplicative discovery, added complexity, and increased litigation costs for both parties. *See* Order at 6, 9. By contrast, continuing the stay in this action will allow the parties in *Owino* to resolve those shared legal and factual issues, which will simplify this action should it resume. Thus, the second and third factors both weigh in favor of a stay.

/ / /

/ / /

## CONCLUSION

The Court therefore **CONTINUES ITS STAY** of the instant action pending the resolution of *Owino*. The Parties **SHALL FILE** a joint status report, *not to exceed ten (10) pages*, within fourteen (14) days of the resolution of *Owino*. Should *Owino* proceed in a manner that is unsatisfactory to either Party, that Party may move to lift the Court's stay after conferring with the opposing Party.

**IT IS SO ORDERED.**

Dated: September 28, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge